THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW ALLEN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered January 6, 1981, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), criminal possession of a weapon in the third degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress evidence.

Judgment affirmed.

Based on a radio communication received by the arresting officers that a brown Buick, New York license plate No. 251 PVY had been involved in a robbery of a grocery store on Ralph Avenue in Brooklyn, the police stopped a brown Buick, New York license No. 251 PBY. The description of the car was provided by one of the complaining witnesses. Under these circumstances, the police were justified in stopping the vehicle with their guns drawn and ordering the occupants to step out of the car. The officers had sufficient information to stop the car, based on the similarities between the car they observed and the description they received, and had reasonable grounds to fear for their safety, justifying their actions (*see, Pennsylvania v Mimms,* 434 US 106, 110; *Terry v Ohio,* 392 US 1; *People v Chestnut,* 51 NY2d 14, 21-22, *cert denied* 449 US 1018; *People v Finlayson,* 76 AD2d 670, 677, *lv denied,* 51 NY2d 1011, *cert denied* 450 US 931). Subsequently, when the officers

saw two guns laying in the back seat of the car, they were entitled to seize the evidence in plain view and to arrest the occupants of the car, including defendant. The police were then justified in searching the automobile at the precinct, where they recovered part of the proceeds of the robbery (see, e.g., People v Langen, 60 NY2d 170, cert denied 465 US 1028, 104 S Ct 1287). Therefore, the trial court did not err in denying that branch of defendant's motion which sought to suppress physical evidence.

The trial court also properly denied that branch of defendant's motion which sought suppression of identification testimony. The identification procedures utilized by the police were not suggestive (see, e.g., People v Love, 57 NY2d 1023; People v Adams, 53 NY2d 241, 249; People v Mayers, 100 AD2d 558; People v Soto, 87 AD2d 618). Moreover, the complaining witness who identified defendant had an independent basis for his in-court identification (see, e.g., People v Thompson, 97 AD2d 554).

Finally, defendant's mistrial motion on the ground that he was surprised by the testimony elicited on behalf of his codefendant implicating him in the robbery, was properly denied. We note that counsel for the codefendant implied in his opening statement that defendant might be implicated, and defendant's counsel thoroughly cross-examined the witnesses for the codefendant. We have considered defendant's other contention and find it to be without merit. Brown, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.