■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER SPRINGER, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Kings County (Ramirez, J.), all rendered September 13, 1983, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the third degree, upon his pleas of guilty, and imposing sentences. The appeal brings up for review the denial, after a hearing (Owens, J.), of that branch of the defendant's omnibus motion which was to suppress evidence.

Judgments affirmed.

The vehicle driven by the defendant drew the attention of two police officers assigned to the Anti-Crime Unit who were patrolling a high-crime area in an unmarked police vehicle when the four occupants of the defendant's vehicle appeared to be surveying the stores in the area. The officers then began to follow the vehicle and observed that the license plate number it bore was the same as that on the getaway car from an armed robbery which they had investigated one week

earlier. They also noticed one of the passengers disappear from view.

Based upon their observations, the police acted properly when they stopped the car to question its occupants *(see, People v Sobotker,* 43 NY2d 559; *People v Allen,* 112 AD2d 375; *People v Finlayson,* 76 AD2d 670, *lv denied* 51 NY2d 1011, *cert denied* 450 US 931). Moreover, once the vehicle was lawfully stopped, the officers, possessed with the knowledge that the occupants might be armed, were justified in approaching them with guns drawn and ordering them to step out of the car *(see, Pennsylvania v Mimms,* 434 US 106; *People v Evans,* 106 AD2d 527; *People v Livigni,* 88 AD2d 386, *affd* 58 NY2d 894). Furthermore, once the officers sighted a gun in plain view in the waistband of a passenger and observed other weapons on the front seat and rear floor of the vehicle, they had probable cause to arrest the occupants of the vehicle and conduct a search thereof *(see, People v Belton,* 55 NY2d 49; *People v Seruya,* 113 AD2d 777; *People v Finlayson, supra).*

Finally, we find that the hearing court's determination is supported by the record, and the officers' testimony was not so inherently incredible or improbable as to warrant the conclusion that no rational basis exists for the suppression court's findings on credibility *(see, People v Prochilo,* 41 NY2d 759; *People v Africk,* 107 AD2d 700; *People v Gee,* 104 AD2d 561; *People v Garafolo,* 44 AD2d 86).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.