█ The People of the State of New York, Respondent, v Jerome Allen, Appellant 

 Memorandum: Defendant pleaded guilty to attempted criminal possession of a weapon in the third degree following denial of his motion to suppress a gun seized from his parked car. Defendant contends on appeal that the motion should have been granted because the arresting officer possessed neither reasonable suspicion to approach the car nor probable cause to seize the gun. We agree.

The arresting officer, the only witness to testify at the suppression hearing, stated that he first noticed defendant's

car around 2:30 A.M., parked on a city street approximately 30 feet from the area in which the officer was questioning a woman who had exited a local tavern, known for narcotics activity. The officer stated that when the woman "just looked down the street" toward defendant's car, he saw defendant "slowly lay down in the front seat of the car." The officer then testified, "I started to walk towards the car * * * I had my flashlight in my left hand and I took out my revolver in my other hand." While at the side of the car, the officer identified himself, directed defendant to get up, and noticed defendant's hand inside a newspaper. The officer then placed his gun through the window, directed defendant out of the car, seized the newspaper and discovered a loaded handgun inside.

On cross-examination the officer acknowledged that prior to approaching the car, he had no information regarding defendant or his car and had no reason to believe that defendant had any connection with the woman the officer was questioning at the time. The officer also acknowledged that the woman did not commit any crime and that there was nothing illegal about the car.

In approaching defendant's car with his gun drawn, the officer effectively seized the car and the defendant (see, People v Sobotker, 43 NY2d 559, 563-564; People v Cantor, 36 NY2d 106, 114). Since defendant's gun was not discovered until after the stop and after the officer ordered defendant out of the car, the legality of the police action depends upon whether "facts available to the officer at the moment of the seizure * * * [would] 'warrant a man of reasonable caution in the belief' that the action taken was appropriate" (Terry v Ohio, 392 US 1, 21-22). That was not the case here because the conduct of the woman on the street and the defendant in the front seat of his car was as compatible with defendant's innocence as with his guilt (People v De Bour, 40 NY2d 210, 216; People v Farrell, 90 AD2d 396, affd 59 NY2d 686; People v Allen, 109 AD2d 24, 32). Thus, the officer had no probable cause to justify seizing defendant or his car (see, People v Carrasquillo, 54 NY2d 248; People v Sobotker, supra; People v De Bour, supra; People v Allende, 39 NY2d 474, 476-477; cf. People v Springer, 118 AD2d 606). The fact that defendant's car was parked in the vicinity of a tavern known for narcotics activity is insufficient to infer that defendant had committed, or was about to commit, a crime (see, Brown v Texas, 443 US 47, 52; People v Johnson, 64 NY2d 617, 618-619; People v Martin, 32 NY2d 123; People v Meachem, 115 AD2d 370, 372). (Appeal from judgment of Supreme Court, Erie County, Doyle, J., at trial;

Flynn, J., on suppression hearing—attempted criminal possession of weapon, third degree.) Present—Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.