■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAJAL WISDOM, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Zelman, J.),

dated April 8, 1986, which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by the defendant to the police.

Ordered that the order is affirmed.

On January 3, 1986, at about 7:00 P.M., Police Officer Keith Rall and his partner responded to a radio run based upon a citizen's telephone call of a black male dressed all in beige with a gun at 107-43 135th Street in Queens County. They arrived in an unmarked police car at the location within one minute and observed five black males standing together. Officer Rall immediately approached the defendant, who was dressed in beige, and, without any preliminary inquiry, quickly patted him down. Finding nothing, the officers then placed all five men against a car and "patted them down systematically". A gun was discovered in the defendant's waistband and, when asked if he had a license for that gun, the defendant responded "No". The five men were handcuffed and removed from the scene in a radio car. Prior to handcuffing the men, Officer Rall was in communication, through central communications, with the citizen informant who would not come to the scene and identify the suspect himself. He did, however, come to the scene and speak with the officers after the five men were removed. The hearing court suppressed the gun and the statement.

The police had no justification for frisking and then searching the defendant based upon the uncorroborated information known to them at that time. The description was very general, there was no identification that the gun had just been used in a crime (cf. People v Green, 35 NY2d 193), and the officer did not personally observe anything at the scene which would have warranted the actions taken (see, People v La Pene, 40 NY2d 210, 221). The communication with the informant did not give rise to a reasonable suspicion since that conversation did not occur until after the police had completed the seizure, frisk and search of the defendant (see, People v La Pene, supra, at p 222). Here, the circumstances initially warranted only the limited intrusion of a stop to inquire (see, Terry v Ohio, 392 US 1; People v De Bour, 40 NY2d 210). Further, as the frisk did not result in the discovery of any gun, the subsequent intrusive conduct of the police was unjustified (see, People v Battaglia, 56 NY2d 558). The ensuing search being illegal, the fruits thereof, including the weapon and the defendant's statement, were properly suppressed (see, Wong Sun v United States, 371 US 471; People v Cantor, 36 NY2d 106; People v

*Richardson,* 114 AD2d 473; *People v Brown,* 112 AD2d 945).
Niehoff, J. P., Rubin, Eiber and Kunzeman, JJ., concur.