■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT WOODS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered March 5, 1986, convicting him of attempted murder in the second degree, rape in the first degree and sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was not denied a fair trial because a codefendant was permitted to cross-examine him with respect to a shooting incident that had occurred approximately 10 years earlier, when the defendant was a juvenile. Contrary to the defendant's present contention, it is clear from the record that no unified defense among the defendant and two codefendants was contemplated or presented here, but at all times two separate lines of defense were pursued, in which the defendant claimed that he had been elsewhere at the time of the incident and the two codefendants provided an alibi for each other which excluded any contact with the defendant. That the defendant's and the codefendants' interests might have been hostile or antagonistic to each other was evident as early as the filing of the initial complaint report, which listed only

the defendant as the complainant's attacker, a fact elicited as early as the cross-examination of the complainant by the codefendant Woods and established by the codefendant Robinson on his direct case well before the cross-examination of which the defendant presently complains. Further, although the defendant later denied it on the witness stand, at a sidebar conference in the absence of the jury he admitted that the incident had occurred and that he had spent approximately three years in a psychiatric hospital following it. Under the circumstances, it is clear that the defendant here suffered no prejudicial surprise as a result of this questioning *(see, People v Allen,* 112 AD2d 375, 376). Nor did the questioning constitute an unfair attempt at exculpation by the codefendant requiring a mistrial or severance *(see, e.g., People v McGee,* 68 NY2d 328, 333; *People v Carter,* 86 AD2d 451, 457; *cf., People v Dell'Orfano,* 72 AD2d 749), particularly as the defendant, in his direct testimony, cast doubt on the codefendants' earlier testimony, indicating that they had not been present at his house at a time when they testified that they were there.

We have considered the defendant's remaining contention and find it to be without merit. Mangano, J. P., Thompson, Kunzeman and Eiber, JJ., concur.