■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROSSETTI, Appellant.—Judgment, Supreme Court, Bronx County (Beverly Cohen, J., at suppression hearing; Martin Klein, J., at jury trial; Burton B. Roberts, J., at sentence), rendered January 12, 1987, convicting defendant of criminal possession of a weapon in the third degree, and sentencing defendant to an indeterminate term of 1 to 3 years' imprisonment, unanimously reversed, on the law and the facts, the motion to suppress granted, the judgment vacated and the indictment dismissed.

On January 8, 1985, uniformed police officers observed a four-door passenger vehicle parked beside a fire hydrant at

Aqueduct Avenue and 181st Street in Bronx County. The officers observed the driver, codefendant Lugo, exit the vehicle and look over his shoulder to the left and right before entering a bodega. Pulling their car next to the illegally parked vehicle, the officers saw defendant, who was apparently lying on the back seat, twice lift his head and then disappear from sight. The officers approached the parked vehicle from both sides and observed defendant lying on his stomach on the rear seat while moving his hands underneath him. The officers then opened both doors. Defendant sat up, revealing the butt of a gun protruding from under the rear seat. This weapon and three other weapons were recovered from the vehicle.

We find that the evidence at the suppression hearing did not evince a reasonable suspicion on the part of the police officers that defendant was engaged in criminal conduct. The actions of the driver in looking over his shoulder, and the actions of defendant in twice "ducking down" in the back seat, were innocuous. We have previously held that so-called furtive movements by occupants of a vehicle do not justify a vehicle stop. *(People v McCready,* 121 AD2d 897, *appeal dismissed* 68 NY2d 981.)* The same reasoning applies to the facts of this case. Nor could the traffic violation justify the search and seizure which took place here, since it is clear that defendant's conduct, and not the traffic infraction, was the predicate for the search. *(People v Llopis,* 125 AD2d 416.)* In the absence of any indication of criminal activity, and absent evidence that the safety of the officers was threatened, there was no basis for opening the car doors. *(People v Vidal,* 71 AD2d 962.)*

We accordingly suppress all of the evidence gathered as a result of the unlawful conduct *(People v Class,* 67 NY2d 431), and dismiss the indictment. Concur—Sullivan, J. P., Carro, Milonas and Ellerin, JJ.