■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGH HENRY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered February 25, 1987, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was charged with having committed an

armed robbery in the Tau-Leo Bar in Freeport on the night of February 27, 1986. Nassau County Police Detective Petty interviewed the victim, who told him that he had been robbed at gunpoint by the defendant and two other men. Detective Petty was also provided with a detailed description as well as the license plate number of the automobile which the defendant had used to leave the scene of the robbery, and an alarm was issued. Three nights later, Detective Petty spotted the defendant's vehicle with two males inside, and, after radioing for assistance, stopped the vehicle. The detective approached the car with his weapon drawn, having observed the passenger lean over as though he was placing, or reaching for, something under the front seat. When the driver identified himself as Hugh Henry, he was arrested by Detective Petty. The passenger was also arrested as being a named participant in the robbery. After both men were handcuffed, Detective Petty searched the vehicle and found two handguns under the front seat on the passenger's side.

Contrary to the defendant's contention, Detective Petty had sufficient reason to stop the defendant's automobile since he was well aware that the vehicle had been used in an armed robbery only three nights prior to the stop and that the vehicle was owned by one of the alleged gunmen (see, People v Springer, 118 AD2d 606; see also, People v Johnson, 102 AD2d 616; People v Finlayson, 76 AD2d 670, lv denied 51 NY2d 1011, cert denied 450 US 931). Once the driver of the vehicle identified himself as Hugh Henry and the passenger had identified himself as Jerry Walden, the detective had probable cause to arrest them based upon the statement provided by the victim (see, People v Smith, 124 AD2d 756, lv denied 69 NY2d 834). Having lawfully arrested the two men, Detective Petty was justified in conducting an immediate search of the automobile, since it was reasonable for him to believe that the vehicle may have contained evidence related to the robbery or that weapons would be found (see, People v Belton, 55 NY2d 49, rearg denied 56 NY2d 646). Rubin, J. P., Sullivan, Harwood and Balletta, JJ., concur.