■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRETTON OCHSNER, Appellant.—Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered September 8, 1988, convicting defendant after a jury trial of robbery in the first degree (Penal Law § 160.15 [2]), for which defendant was sentenced to a term of incarceration of 2 to 6 years, unanimously affirmed.

This case arose out of a vicious beating and armed robbery of the victim on Christopher Street, in the Greenwich Village area, during the early morning hours, by several assailants who fled east in two cars. The victim, who was color-blind, informed police within minutes that one of the cars was either a brown or grey old model Camaro, and that his assailants were white male teen-agers. Police on patrol received the radio transmission within two to three minutes of the robbery, and observed three white males in a grey older model Camaro heading north on Park Avenue South, near 23rd Street. The car was pulled over, and one by one its occupants were requested to exit and were patted down. As a police officer reached in to encourage defendant, in the rear seat, to exit, the officer brushed against a jacket draped over the front passenger seat, felt a hard object within, and a gun was recovered. The victim was transported to the scene, positively identified the car, and subsequently positively identified defendant as the person who had shoved a pistol into his mouth and had threatened to kill him. The victim could not positively identify the companions.

Defendant's claim on appeal that the police, rather than conducting a street-scene showup, should have conducted a lineup at the precinct, since defendant would have been detained anyway, for constructive possession of the weapon was not raised at the suppression hearing and is not preserved for review *(People v Tutt,* 38 NY2d 1011) and we decline to review it in the interest of justice. We are aware of the importance of a prompt confirmatory showup to the decision by responding police of whether to continue or terminate a search of the area for suspects.

The stop of the car shortly after, and in proximity to the robbery, was properly based on reasonable suspicion that its occupants had been involved in a crime. *(People v Hicks,* 68 NY2d 234, 243.)* The transmitted information that a vicious

crime had been perpetrated by use of a gun, or guns justified the de minimis intrusion of police asking the occupants to exit the car *(People v Livigni,* 58 NY2d 894, *affg* 88 AD2d 386) and the pat down *(People v Salaman,* 71 NY2d 869). In any event, since defendant's involvement arose not from only a weapons charge, but because of information that he might have been involved in an armed robbery, we decline to apply *People v Millan* (69 NY2d 514) and conclude that defendant lacked a sufficient expectation of privacy to challenge seizure of the gun from someone else's jacket.

Defendant's challenge on appeal to the court's method of answering the jury's request for a circumstantial evidence charge, when none had been given, has not been preserved for review *(People v Karabinas,* 63 NY2d 871, *cert denied* 470 US 1087) and we decline to review it in the interest of justice. If we were to review this claim, we would find that the court did not abuse its discretion by informing the jury that no such charge had been given and by reinstructing them on reasonable doubt.

Nor is defendant's challenge to the prosecutor's summation comments preserved for review *(People v Nuccie,* 57 NY2d 818), and review in the interest of justice is not warranted. Finally, we note that the rebuttal evidence was properly received to contradict defendant's testimony concerning a material issue in the case. *(People v Pavao,* 59 NY2d 282, 289-290; *People v Beavers,* 127 AD2d 138, 141.) Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.