■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BARKSDALE, Appellant.—Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered February 22, 1988, convicting defendant, after a jury trial, of two counts of robbery in the second degree, criminal possession of a weapon in the fourth degree and theft of services and sentencing defendant, as a second felony offender, to concurrent indeterminate terms of imprisonment of from 4 to 8 years on each robbery conviction and one year on each remaining conviction, unanimously affirmed.

Defendant and his accomplices, three black males wearing leather jackets, were detained after they had run a subway turnstile. While the arresting officer was taking down infor-

mation for the issuance of a summons, additional police arrived with a report that a cab driver had just seen black males in leather jackets follow an elderly man into the subway station. The cab driver had alerted the police in the belief that a robbery was about to occur. Defendant was then frisked and a gun recovered from his outer clothing. He was subsequently transported first to the transit office and later taken to the precinct and thoroughly searched. An AT&T credit card was also recovered from defendant, either during the subway frisk or during the precinct search. This credit card led police to complainant, whom defendant and his accomplice had mugged at gunpoint earlier in the evening. Complainant, who had previously been unable to identify two other suspects, positively identified defendant and his accomplice in separate lineups. We find no impropriety in the arrest and subsequent search and identification of the defendant.

Regardless of where the credit card had been recovered from defendant, and taking into account minor inconsistencies as to how defendant was initially identified as the farebeater, each step of the procedure led logically and properly to each subsequent step. Defendant is not persuasive in arguing that the farebeating detention was a pretext for a full-blown search (cf., People v Rossetti, 148 AD2d 357). The subway frisk, which was authorized by the defendant's initial arrest for farebeating, was additionally justified by the subsequent information that defendant was about to commit a robbery. His prior detention was only a fortuitous, but proper, circumstance, and what eventually transpired was a search incident to arrest. Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Smith, JJ.