■ In the Matter of AKEEM L., a Person Alleged to be a Juvenile Delinquent, Respondent.—Order, Family Court, New York County (Michael Gage, J.), entered on or about April 20, 1990, which granted respondent's motion to suppress physical evidence, and which dismissed the juvenile delinquency petition against him, unanimously affirmed, without costs.

At about 11:30 P.M., shortly after the arresting officers received a radio run that there had been a robbery of a taxicab by five men approximately ten blocks away, they observed respondent and a companion in a taxicab. Although the location was purportedly an area which has a high incidence of such robberies, no unusual activity was exhibited, other than the fact that respondent, one of two passengers, looked at one of the officers and then slid down on the seat of the cab, covering his face with his hands. The cab was stopped, the respondent and the other passenger ordered to step out, and a firearm was discovered on the back seat.

The tape of the radio run concerning the robbery was destroyed before it could be disclosed. We disagree with the Family Court that the destruction of the tape justified precluding any testimony or evidence concerning the radio run. The tape's production would not have been required as the statement of a presentment agency witness pursuant to *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866), because the sending officer's testimony was not required *(People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852), and because there was no evidence that the arresting officers had made statements on the tape that related to the subject of their testimony *(People v Butler,* 33 AD2d 675, *affd* 28 NY2d 499). Production was not required pursuant to *Brady v Maryland* (373 US 83), on the ground that it was exculpatory, in that the tape would

have indicated that the radio run had concerned Hispanics, while the juvenile is apparently a light-skinned Afro-American. It was not seriously disputed that the tape contained a reference to Hispanics, and thus the tape would not have controverted any of the evidence at the hearing.

Nonetheless, the record supports the Family Court's conclusion that no reasonable suspicion justified the stop of the cab. The radio run did not contain a specific description that was matched by the cab or its occupants (cf., People v Ochsner, 159 AD2d 435, lv denied 76 NY2d 740). Neither the fact that the cab was in a high-crime area at night (see, People v Brown, 112 AD2d 945, amended 114 AD2d 417), nor did the allegedly furtive gestures of sliding down on the back seat of the cab and covering the face with hands create a reasonable suspicion of criminal activity (People v Rossetti, 148 AD2d 357).

Accordingly, the record supports the Family Court's decision to suppress the weapon. Concur—Sullivan, J. P., Carro, Rosenberger, Asch and Kassal, JJ.