■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DEVON, Appellant.—Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered February 10, 1989, convicting defendant after a jury trial of two counts of robbery in the first degree, robbery in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 13 years to life on each of the first degree robbery counts, and 10 years to life on each of the second degree robbery count and the weapons possession count, unanimously affirmed.

Defendant and an accomplice robbed a limousine chauffeur at gunpoint. An acquaintance of the victim followed the perpetrators, keeping them within sight, until he could alert police patrol officers who immediately apprehended defendant. The codefendant was arrested after a chase, during which he discarded a handgun, which was recovered. The victim and a witness, Pena, made confirmatory identifications within minutes of the arrest.

Viewing the evidence in the light most favorable to the People, and giving due deference to the jury's findings of credibility under the standards set forth in *People v Bleakley*

(69 NY2d 490), defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence, and the verdict was not against the weight of the evidence. The identification procedure was conducted in a manner proximate in time and location to the crime and defendant's apprehension. In the circumstances, it was not impermissibly suggestive *(see, People v Duuvon,* 77 NY2d 541, 545). Defendant's contention that the hearing court failed to render a decision on the suppression motion in contravention of CPL 710.40 (3) is contradicted by the record. The court clearly rendered a decision, prior to trial, but only postponed drafting a full opinion. Defendant failed to preserve, by appropriate objection, any challenges to the prosecutor's summation comments *(People v Balls,* 69 NY2d 641), and we decline to review in the interest of justice. We find no basis to disturb the sentencing court's sound exercise of discretion in imposing sentence *(see, People v Farrar,* 52 NY2d 302, 305-306).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ.