Concur—Sullivan, J. P., Carro, Ellerin, Kassal and Nardelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DANIELS, Appellant. [602 NYS2d 539] —Judgment, Supreme Court, Bronx County (Irene Duffy, J.), rendered January 30, 1992, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Sullivan, J. P., Carro, Ellerin, Kassal and Nardelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD DOWDY, Also Known as GERALD DOWDY, Appellant. [602 NYS2d 536] —Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered October 23, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a predicate felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Defendant's present claims that he was mentally incompetent during post-verdict proceedings and that counsel was ineffective in failing to adequately press his incompetence are unsupported by a record permitting review *(see,* CPL 440.10). Consequently, such claims do no more than invite this Court to second-guess counsel's tactics *(see, People v Jones,* 55 NY2d 771; *People v Rivera,* 71 NY2d 705) and, on the state of the present record, we cannot conclude that defendant was denied meaningful representation. Concur—Sullivan, J. P., Carro, Ellerin, Kassal and Nardelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE JAMES, Appellant. [602 NYS2d 536] —Judgment, Su-

preme Court, New York County (Richard Andrias, J.), rendered January 24, 1989, convicting defendant, after jury trial, of robbery in the first degree (2 counts), robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 9 to 18 years, 9 to 18 years, 4 to 8 years, 4 to 8 years, and 2½ to 5 years, respectively, unanimously affirmed.

Defendant raises numerous issues which were previously rejected by this Court in deciding the appeal of codefendant Robert Devon *(People v Devon,* 184 AD2d 322, *lv denied* 80 NY2d 928). In addition thereto, defendant claims reversible error in connection with the trial court's jury charge on identification and the lack of a constructive possession charge during presentation of this case to the Grand Jury. We note that defendant's additional claims are unpreserved by appropriate and timely exception or objection (CPL 470.05). In any event, the trial court's detailed charge on identification conveyed to the jury the appropriate rules to be applied in arriving at its decision *(People v Hurk,* 165 AD2d 687, 688, *lv denied* 76 NY2d 1021), and as the evidence before the Grand Jury supported defendant's actual, not constructive, possession of the gun in question, a constructive possession charge was uncalled for. Additionally, in view of the overwhelming evidence against defendant presented before the Grand Jury, it is unlikely that the grand jurors seized upon the testifying police officer's single reference to the recovered gun as "stolen" as a basis for voting an indictment herein. Concur—Sullivan, J. P., Carro, Ellerin, Kassal and Nardelli, JJ.