■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK SPRINKLER, Appellant. [603 NYS2d 550] —Appeal by the defendant from a judgment of the Supreme Court, Kings

County (Miller, J.), rendered April 7, 1992, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Broomer, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the hearing court erred in failing to suppress the physical evidence seized from the vehicle in which he was a passenger. The actions of the police officers in detaining the vehicle and ordering the occupants out was supported by their receipt of a radio transmission regarding a suspicious white van bearing the same license number and by their personal observation that the van's driver committed several dangerous traffic infractions and that the van was being operated recklessly at a high rate of speed (see, Pennsylvania v Mimms, 434 US 106; People v Robinson, 74 NY2d 773, cert denied 493 US 966; People v McLaurin, 70 NY2d 779). Furthermore, the retrieval by police of a handgun from under the defendant's seat was justified in view of the defendant's hesitation in exiting the van, his suspicious acts of reaching into his shirt and reaching under the passenger seat prior to alighting from the vehicle, and the officers' receipt of a second radio transmission regarding a robbery and possible stabbing committed by two males in a white van at a nearby location (see, People v Walker, 151 AD2d 794). Likewise, the recovery of a pocketbook and glove which were in plain view in the passenger compartment of the vehicle was not improper under the circumstances.

Similarly unavailing is the defendant's contention that identification evidence should have been suppressed because of an unlawful showup procedure. The showup in this case took place in close temporal and physical proximity to the crime and was not conducted under impermissibly suggestive circumstances (see, People v Duuvon, 77 NY2d 541; People v White, 185 AD2d 472; People v Mitchell, 185 AD2d 249; People v Devon, 184 AD2d 322). Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.