■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH RIGGIO, Appellant. [609 NYS2d 257] —Appeals by the defendant from two judgments of the County Court, Nassau County (Harrington, J.), both rendered January 17, 1992, convicting him of (1) attempted criminal possession of a controlled substance in the fourth degree, driving while intoxicated as a felony, and aggravated unlicensed operation of a motor vehicle in the second degree under Indictment No. 75264, and (2) driving while intoxicated as a felony, criminal possession of a controlled substance in the fifth degree, and aggravated unlicensed operation of a motor vehicle in the second degree, and assault in the third degree, under Superior Court Information No. 79550, upon his pleas of guilty, and imposing sentences. The appeal under Indictment No. 75264 brings up for review the denial, after a hearing, of those

branches of the defendant's omnibus motion which were to suppress evidence and statements made by him.

Ordered that the judgments are affirmed.

The defendant's claim that the hearing court improperly denied suppression of evidence and statements made by him is devoid of merit. It is axiomatic that a police officer may stop a motor vehicle on a public highway when the stop is premised upon a reasonable suspicion that the vehicle's occupants had been, are then, or are about to be, engaged in conduct in violation of law (see, People v Sobotker, 43 NY2d 559, 563). To achieve a level of reasonability, the police officer's suspicion must be " 'based upon "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion" (Terry v Ohio, 392 US 1, 21)' " (People v Sobotker, supra, at 563, quoting People v Ingle, 36 NY2d 413, 420).

In this case, contrary to the defendant's contention, the police officer had two distinct grounds for the stop of the defendant's vehicle. First, the police officer testified that the defendant's vehicle was weaving between two lanes in violation of Vehicle and Traffic Law § 1128 (a). In addition, the police officer testified that several days earlier he had run a check on the defendant's license after seeing the defendant behind the wheel of a parked car. In this manner, the police officer learned that the defendant, who the officer had arrested for driving while intoxicated on a prior occasion, did not have a valid license. Therefore, at the time he stopped the defendant, the police officer had a reasonable suspicion that the defendant was operating his vehicle without a valid license in violation of Vehicle and Traffic Law § 510 (see, People v Gales, 187 AD2d 606). The police officer's testimony concerning these two grounds was wholly credited by the hearing court and there exists no basis for disturbing its determination (see, People v Gaimari, 176 NY 84, 94; People v Garafolo, 44 AD2d 86, 88).

The defendant's remaining contention is without merit (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Santucci, Krausman and Florio, JJ., concur.