■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BIANCHI, Appellant. [616 NYS2d 783] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered September 8, 1992, convicting him of attempted robbery in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the hearing court erroneously denied his motion to suppress the handgun and other items seized from the automobile in which he was a passenger at the time of his arrest. The police had reasonable suspicion to stop the car (see, CPL 140.50 [1]; *People v De Bour,* 40 NY2d 210, 223) based upon a radio transmission indicating that a car which matched the stopped

vehicle with regard to make, model, color, and passengers, was involved in a robbery which occurred in sufficient proximity of time and location *(see, People v Reid,* 135 AD2d 753; *People v Rivera,* 124 AD2d 682; *People v Pitt,* 110 AD2d 723, *cert denied* 474 US 922). To the extent that the defendant disputes the hearing court's factual conclusions, we conclude that they were supported by the record, and find no basis to disturb them *(see, People v Prochilo,* 41 NY2d 759; *People v Boone,* 183 AD2d 721). Copertino, Hart and Krausman, JJ., concur.

Balletta, J. P., dissents, and votes to reverse the judgment appealed from, on the law and the facts, to vacate the defendant's plea of guilty, to grant that branch of the defendant's motion which was to suppress physical evidence, and to remit the matter to the Supreme Court, Kings County, for further proceedings consistent herewith. The majority herein has determined that the stop of the defendant's motor vehicle was proper. I disagree and vote to reverse the conviction and to grant the defendant's suppression motion.

The Court of Appeals has indicated that the stop of an automobile by the police constitutes an impermissible seizure in the absence of at least a reasonable suspicion that its occupants "had been, are then, or are about to be, engaged in conduct in violation of law" *(People v Sobotker,* 43 NY2d 559, 563; *see also, People v Riggio,* 202 AD2d 609; *People v Woods,* 189 AD2d 838). The requisite "reasonable suspicion" has been defined as that "quantum of knowledge sufficient to induce an ordinarily prudent and cautious man under the circumstances to believe that criminal activity is at hand" *(People v Cantor,* 36 NY2d 106, 112-113). Vague or unparticularized hunches will not suffice *(see, People v Ingle,* 36 NY2d 413, 420).

In the case at hand, one hour and 10 minutes after the commission of a robbery involving a firearm, a white Ford Mustang hatchback was stopped approximately eight miles from the scene of the robbery in Brooklyn because the car and its passengers allegedly fit the descriptions of those involved in the earlier robbery. More particularly, Police Officer Michael Kercado, on patrol in the 76th precinct, overheard a radio transmission at about 5:40 P.M. on April 2, 1991, indicating that a robbery had just taken place about 20 minutes earlier in the area of the 62nd precinct. The radio transmission further indicated that two white male suspects, one in his late twenties and the other an older man, were traveling west toward the 68th precinct in a white Ford Mustang hatchback. No other details concerning the description of the suspects or the car were forthcoming thereafter. At approximately

6:30 P.M., Officer Kercado was in the vicinity of the intersection of Columbia and Sackett Streets in Brooklyn, approximately eight miles from the robbery site, when he observed two white males, an older man and a younger man, driving in an early 1980's white Ford Mustang hatchback. After following it a short distance, Officer Kercado stopped the car.

I disagree with the majority and find that under these circumstances the police did not have reasonable suspicion to stop the defendant's vehicle, and that all of the evidence resulting therefrom should have been suppressed. This stop was not in close proximity to the location of the robbery, either in time or place, nor is there anything unusual about a white Ford Mustang. As a matter of fact, the police stopped two other white Ford Mustangs in the vicinity of the incident earlier in the evening without making any arrests.

Nor can it be said that the descriptions of the individuals in combination with the vehicle they were driving constituted a basis to stop the vehicle. The driver of the car was 41 years old, but the defendant was 54 years old; neither was in his late twenties. It is difficult for me to understand how a vague and overly generalized description of someone in his late twenties could be a part of the predicate to effectuate a stop of a motor vehicle which itself was not unusual in description or specifically identifiable from some distinguishable feature, especially when this stop occurred one hour and 10 minutes after the robbery and far from the scene in a heavily trafficked area such as Brooklyn (see, e.g., People v Simpson, 174 AD2d 348, 350 ["a description which is meager and lacking in specificity may be insufficient"]; People v Wisdom, 125 AD2d 512; People v Figueroa, 58 AD2d 655, 656 ["(n)ot only were the officers initially proceeding upon the vaguest of descriptions, consistent with countless individuals"]).

In those cases where police stops have been found to be proper, the descriptions given have contained significantly greater details as to the characteristics of the vehicle and/or the individuals detained (see, e.g., People v Fulton, 189 AD2d 778 [car described as blue, four-door Toyota Camry, license plate 3JJ541, with the words "Spoiled Rotten" written on the side]; People v Sprinkler, 198 AD2d 313 [description included license plate number]; People v Henry, 150 AD2d 797 [same]), or the stops occurred in a much closer proximity in time and place to the scene of the crime (see, e.g., People v Mills, 198 AD2d 236, 237 [description of make, model and color of car plus observation of vehicle "within close temporal and geographical proximity to the robbery, provided * * * reasonable

suspicion"]; *People v Ochsner,* 159 AD2d 435 [same]; *People v Torres,* 145 AD2d 664 [same]).

For instance, in *People v Coutin* (168 AD2d 269, 272, *affd* 78 NY2d 930), only minutes after being notified that a group of Hispanic men and women in an old dark green or brown four-door sedan had just committed a robbery and were driving east on 28th Street, the police stopped a group matching the description heading east on 28th Street. The court held the stop to be lawful based on the suspects' close proximity in time and place to the scene and the fact that "it was scarcely likely * * * there would be more than one old four-door sedan, either dark green or brown, carrying a large group of Hispanic people, among whom were a couple of women" heading east on 28th Street at 5:25 A.M. *(see also, People v Willsey,* 198 AD2d 911; *People v Jackson,* 175 AD2d 751; *People v Bowens,* 129 AD2d 297).

In this case, on the other hand, the police did not have reasonable suspicion that the defendant and the passenger in the vehicle had been involved in criminal activity. The vehicle was too far removed in time and place from the scene of the accident, and there was no specificity in the description of the vehicle or its passenger which compensated for the time and location of the stop *(compare, People v Johnson,* 102 AD2d 616, 622-623 ["(c)ritically, the crime and subsequent stop took place at an early morning hour when there was little motor vehicle traffic. This is recognized as a significant factor justifying a stop upon much less comprehensive information than would be adequate were the stop made at midday"]; *People v Gianfrate,* 192 AD2d 970 [same]; *People v Brooks,* 125 AD2d 481 [same]).

Accordingly, the stop of the defendant's vehicle was improper, and the evidence seized as a result thereof should be suppressed.