■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRIAN HEAPPS, Respondent. [787 NYS2d 4]—

Order, Supreme Court, Bronx County (Michael R. Sonberg, J.), entered on or about December 5, 2003, which granted defendant's motion to suppress physical evidence and a statement he made to the police, unanimously affirmed.

Police officers on routine patrol received a radio report of anonymous origin that a man with a gun was in a particularly described vehicle traveling nearby. When they spotted a car meeting that description stopped in traffic near the specified location, the officers turned on their emergency lights and pulled behind it. The officers approached the car with guns drawn and ordered defendant to shut off the motor and put his hands up. Defendant failed to respond, and an officer attempted unsuccessfully to open the passenger door. After defendant eventually

shut off the motor and raised his hands in response to the officer's order, the officer noticed a bulge in defendant's waistband, and ensuing events led to defendant's arrest. However, the police conduct prior to observing the bulge clearly went beyond protective measures taken in the course of an inquiry, and reached the level of a seizure requiring reasonable suspicion (*see People v Ocasio*, 85 NY2d 982 [1995]; *People v Allen*, 124 AD2d 1046 [1986]). Therefore, the court properly granted defendant's motion to suppress the gun ultimately recovered by the police and defendant's statement, since the tip from an anonymous person from an anonymous location, uncorroborated by any police observations suggesting criminality or any other indicia of reliability, failed to provide the police with reasonable suspicion that defendant had committed or was committing a crime (*see Florida v J.L.*, 529 US 266 [2000]; *People v William II*, 98 NY2d 93 [2002]). Concur—Tom, J.P., Saxe, Williams, Sweeny and Catterson, JJ.