# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1073

KA 11-00583

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V            MEMORANDUM AND ORDER

DEQWAUN L. NEWKIRK, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered December 21, 2010. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that the evidence is legally insufficient to establish that he possessed the loaded firearm found by the police in the basement of a suspected drug house in which he was located when the police executed a search warrant (*see generally People v Bleakley*, 69 NY2d 490, 495). We reject that contention. The evidence at trial established that defendant was the only person in the house when the police entered, and an officer testified that, immediately before the police gained entry, he heard the sounds of someone inside running down and then up the basement stairs. When questioned by the police, defendant admitted that he had purchased the firearm in question, a photograph of which was on the screen saver of defendant's cell phone, and it was later determined that defendant's DNA was on the firearm. That evidence, when viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish that defendant possessed the firearm (*see* § 10.00 [8]; *People v Manini*, 79 NY2d 561, 573-574; *People v Sierra*, 45 NY2d 56, 59-60).

Entered: November 16, 2012            Frances E. Cafarell
                                          Clerk of the Court