OPINION OF THE COURT
Betty J. Williams, J.
Defendant’s motion to inspect the grand jury minutes is granted to the extent of the court examining the grand jury minutes in camera. On a motion to dismiss an indictment pursuant to CPL 210.20 (1) (b), the inquiry of the reviewing court is limited to the legal sufficiency of the evidence; the court may not examine the adequacy of the proof to establish reasonable cause, since that inquiry is exclusively the province of the grand jury (People v Jennings, 69 NY2d 103, 115 [1986]; see also People v Jensen, 86 NY2d 248, 252 [1995]).
The evidence before the grand jury was that on June 25, 2015 at approximately 10:40 p.m. Police Officer (PO) Anibal Torres approached the corner of Howard Avenue and Sterling Place because Officer Torres smelled a strong odor of marihuana coming from the corner area. As Officer Torres approached the corner, Officer Torres saw a small group of people standing near the corner on the sidewalk. The group consisted of four people standing on the street around a parked vehicle. The defendant was one of the four people standing on the street. The parked vehicle was an SUV that contained four or five unknown people. As PO Torres identified herself upon approach, three of the four people standing on the corner walked away and only the defendant remained where the defendant was standing. As the group dispersed, PO Torres saw the defendant looking at the ground at a small black plastic bag by the defendant’s feet. PO Torres testified that the bag “had the outline of a firearm and the bag seemed stretched out as if somebody was carrying it previously and the weight of the gun stretched the bag.” The defendant then stated to PO Torres “that gun ain’t mine.” The area was lit by streetlights as well as the headlights from the SUV that was parked near the defendant.
While a grand jury need not be instructed with the same degree of precision as a petit jury, an indictment cannot stand where there are inadequate instructions even if the indictment is supported by legally sufficient evidence. (People v Calbud, Inc., 49 NY2d 389, 394-395 [1980].) The Assistant District Attorney adequately informed the grand jurors of the essential elements of the crimes the grand jurors were being asked to *1107 consider with respect to each count of the indictment. (People v Burch, 108 AD3d 679, 681 [2d Dept 2013], lv denied 22 NY3d 1087 [2014].) However, the People failed to properly charge the grand jury with constructive possession. (See People v Manini, 79 NY2d 561 [1992]; People v James, 196 AD2d 747 [1st Dept 1993] [constructive possession charge is not necessary only where the People rely upon actual possession].) In order to rely upon a theory of constructive possession the People must show that the defendant exercised dominion or control over the property, or area, by a sufficient level of control where the contraband is found. (Manini at 573.) Dominion and control can be established where the defendant is the only person present, furtive movements are observed and the defendant makes an inculpatory statement. (People v Newkirk, 100 AD3d 1504 [4th Dept 2012], lv denied 20 NY3d 1013 [2013].)
Here, Officer Torres saw the defendant neither in actual possession of the firearm nor discard the bag containing the firearm. The incident took place on a well-lit street corner and there were eight or nine people present on the well-lit sidewalk when Officer Torres approached. Actual possession is not established where, as here, (a) the gun was in a thin bag on the ground, (b) the gun was visible through the thin bag, (c) Officer Torres never saw the defendant holding either the gun or the bag, (d) the defendant did not flee from Officer Torres while three others fled the area, and (e) the defendant immediately stated that the gun was not the defendant’s gun. In the light most favorable to the People, there is in sufficient evidence to establish that the defendant actually possessed the gun. Where there is no actual possession, the People must charge the grand jury with either constructive possession or presumptive possession. (People v Manini, 79 NY2d 561 [1992]; People v James, 196 AD2d 747 [1st Dept 1993]; People v Hester, 133 AD2d 302 [1st Dept 1987].) Furthermore, even if the People had properly charged the grand jury under the legal theory of constructive possession, there was no evidence to support the inference that the defendant exercised dominion and control over the gun or the area where the gun was recovered. (People v Newkirk, 100 AD3d 1504 [1st Dept 2012].)
Accordingly, the indictment is dismissed, with leave for the People to re-present.