■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUES DENT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered May 13, 1987, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

The defendant and his two codefendants surrendered to police following approximately three hours of negotiations conducted while all three defendants held their victims hostage. The record of the suppression hearing amply supports the finding that the search of the defendant's person was incident to an arrest premised on probable cause *(see, Chimel v California,* 395 US 752, 762-763; *People v Perel,* 34 NY2d 462, 466-467). Moreover, the identification of the defendant by the hostages at the scene of the crime shortly after the surrender was merely confirmatory. Under the circumstances, the procedures utilized were proper *(cf., People v Love,* 57 NY2d 1023) and there is no issue of suggestiveness *(see, People v Johnson,* 124 AD2d 748). The denial of suppression was therefore correct.

The defendant's assertion that his plea of guilty was involuntarily entered because he was "coerced and pressured" has not been preserved for appellate review *(see, People v Mattocks,* 100 AD2d 944). In any event, the record before us establishes that the allocution more than adequately satisfied the requirements of *People v Harris* (61 NY2d 9) and the defendant's conclusory assertions are insufficient to relieve him of the consequences of his plea *(see, People v Corwise,* 120 AD2d 604).

Finally, the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed and we discern no basis for disturbing that sentence *(see, People v Kazepis,* 101 AD2d 816). Thompson, J. P., Bracken, Brown and Harwood, JJ., concur.