■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YVES FRANCOIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered November 30, 1987, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

At a suppression hearing, a police officer testified that after the vehicle in which the defendant was traveling was stopped

for a traffic infraction he approached the passenger side of the vehicle and, upon shining his flashlight inside, noticed a bulge in the defendant's clothing at his waist. He asked the defendant to step outside the vehicle and removed a gun from beneath the defendant's sweater.

On appeal, the defendant contends that the initial stop by the police officers was improper because the traffic violation was merely used as a pretext to investigate unrelated activities. This argument was not advanced at the hearing as a ground for suppressing the weapon and therefore is not preserved for appellate review (see, People v Tutt, 38 NY2d 1011; People v Rondan, 116 AD2d 750). In any event, the hearing court credited the officer's testimony that the vehicle was stopped for failing to signal a turn, and we find no basis in this record to disturb the determination that the vehicle was lawfully stopped (see, People v Prochilo, 41 NY2d 759; People v Williams, 137 AD2d 569; cf., People v Llopis, 125 AD2d 416).

The evidence adduced at the hearing supports the suppression court's determination that the defendant's Fourth Amendment rights were not violated when he was ordered to exit the vehicle. Police officers are authorized, as a precautionary measure, to order occupants out of a vehicle that is lawfully stopped for a traffic violation (see, People v Robinson, 74 NY2d 773; People v Livigni, 58 NY2d 894, affg 88 AD2d 386 on opn at App Div). The defendant contends that such police action is constitutionally permissible only if the police have some suspicion of unlawful conduct on the part of the occupant and that, here, the credible evidence established that the police officer did not observe anything suspicious inside the vehicle. However, the hearing court credited the officer's testimony that he observed the bulge in the defendant's clothing when he looked inside the vehicle and that he ordered the defendant to exit the vehicle out of a concern for his own safety. The court had the advantage of observing the witnesses and was made aware of inconsistencies between the officer's hearing testimony and his prior statements about the incident. Since the testimony presented an issue of credibility, the suppression court's determination is entitled to great weight and should not be disturbed here (see, People v Prochilo, supra; People v Singletary, 135 AD2d 757). Since the police conduct was predicated not only on the traffic violation but on a perceived threat of danger from the defendant as well, the defendant's Fourth Amendment rights were not violated, and that branch of his omnibus motion which was to suppress the weapon was properly denied (see, People v Mc-

*Laurin,* 70 NY2d 779). Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.