■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN LUMPKINS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered April 13, 1987, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree (two counts), operating a motor vehicle without financial security, operating an unregistered motor vehicle, and making an unsafe lane change, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Thorp, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The evidence adduced at the suppression hearing was sufficient for the court to conclude that probable cause existed for the arrest of the defendant and the subsequent search of the vehicle *(see, People v Hunter,* 55 NY2d 930; *People v Chestnut,* 51 NY2d 14; *People v Ingle,* 36 NY2d 413). The car was being operated in an extremely erratic manner and a radio check of the license plates revealed that they did not belong to the car operated by the defendant. As such, the Troopers were justified in stopping the vehicle and, after one of the Troopers saw a vial containing a white powder residue on the front seat, probable cause existed for the defendant's arrest.

We have examined the defendant's contention raised in his supplemental *pro se* brief and conclude that there was no violation of the rule promulgated in *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866) and codified in CPL 240.45 (1). Mangano, J. P., Lawrence, Kooper and Harwood, JJ., concur.