■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ROSE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered November 18, 1986, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The evidence adduced at the suppression hearing indicates that there was probable cause to stop the vehicle which the defendant was driving since the officer reasonably believed that the defendant failed to signal on a right turn in violation of Vehicle and Traffic Law § 1163 (a). Therefore the stop was not, as the defendant argues, a mere pretext *(see, People v Wilson,* 150 AD2d 628; *People v Williams,* 137 AD2d 569; *People v McDaniel,* 114 AD2d 471).

The defendant also contends that credible evidence established that the officer did not observe a bulge in the defendant's overall pants when the defendant voluntarily exited his car. However, the court credited the officer's testimony that he did observe the bulge, which justified the patdown of the defendant and recovery of a hand gun. Further, the subsequent search and recovery of a sawed-off shotgun in an unlocked briefcase in the backseat of the vehicle was proper under the automobile exception to the warrant requirement *(see, People v Belton,* 55 NY2d 49; *People v Blasich,* 73 NY2d 673). The court had the advantage of observing the witnesses and was made aware of inconsistencies between the officer's testimony and the defendant's testimony. Since the testimony presented an issue of credibility, the suppression court's deter-

mination is entitled to great weight and should not be disturbed here *(see, People v Prochilo,* 41 NY2d 759; *People v Francois,* 155 AD2d 685). Bracken, J. P., Lawrence, Sullivan and Balletta, JJ., concur.