■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO RODRIGUEZ, Appellant.—Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered August 16, 1988, convicting defendant, after a jury trial, of robbery in the second degree and sentencing him, as a second felony offender, to an indeterminate term of from 6½ to 13 years' imprisonment, unanimously affirmed.

Defendant and his companion Rivera were stopped by police officers for driving through a red light and then driving the wrong way down a one-way street. As the officers approached defendant's vehicle they directed the occupants to exit and as they did so, the policemen observed a sword-like knife on the seat. At this juncture, the officer received a radio transmission that a robbery had just been committed by two Hispanics who had driven away in a car, the description of which matched the vehicle they had just stopped. We find no impropriety in the initial stop of the defendant's vehicle. Having observed the commission of a serious traffic infraction, the police were empowered to stop the vehicle and request the occupants to

exit, even absent a particularized belief that an occupant was armed *(see, People v Robinson,* 74 NY2d 773). Upon observing the knife, the officers had a right to make inquiry because possession of that knife is a crime if accompanied with intent to use. (Penal Law § 265.01.) After receiving the radio transmission, the level of permissible intrusion increased so as to allow the police officers to detain defendant and his companion for purposes of identification. Once identified, they were arrested and the vehicle was properly searched incidental to the lawful arrest.

Although defendant's showup identification was suppressed, the trial court properly determined that an independent source existed for the in-court identification of defendant. The witness was able to observe defendant during the course of the robbery for a period of time in excess of 25 minutes, in well-lit surroundings.

We have reviewed defendant's remaining contentions and find them to be either unpreserved for appellate review or constituting harmless error. Concur—Murphy, P. J., Carro, Rosenberger and Smith, JJ.