■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON WILLIAMS, Appellant.—Judgment of Supreme Court, New York County (Beverly S. Cohen, J., at suppression hearing; Shirley R. Levittan, J., at plea and sentence), rendered February 9, 1988, convicting defendant of attempted criminal possession of a weapon in the third degree and sentencing him, as a predicate felon, to a term of 2 to 4 years in prison, unanimously affirmed.

After noticing defendant and his companion in a parked van, leaning forward and trying to crouch down in order not to be seen, police officers approached the van. Upon seeing the defendant's companion, who was in the passenger seat, in possession of a marihuana cigarette, the officers shone their flashlights into the vehicle and saw a pistol on the floor of the van and two bags containing marihuana on the beverage tray between the seats. The officers ordered defendant and his companion out of the vehicle, retrieved the drugs and the weapon and arrested both men.

Where an individual's vehicle is already stopped, the officer needs only an articulable reason to warrant an inquiry. *(People v Blajeski,* 125 AD2d 582.) The furtive movements of the defendant and his companion provided a sufficient basis for the approach by the officers. The observation of the marihuana cigarette justified visual inspection of the van which resulted in the discovery of the weapon and two bags of marihuana *(compare, People v Terrero,* 139 AD2d 830, 831), if indeed further justification was necessary in order to resort to the use of a flashlight *(see generally, People v Price,* 54 NY2d 557, 563).

There is no basis upon which to disturb the suppression court's findings as to the officers' credibility. Concur—Sullivan, J. P., Ross, Kassal, Smith and Rubin, JJ.