■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN T. MILLER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to attempted criminal possession of a controlled substance in the fourth degree (Penal Law §§ 110.00, 220.09). On appeal, he argues that the court erred in denying his motion to suppress.

The record of the suppression hearing reveals that a State Trooper, having observed a traffic infraction (see, Vehicle and Traffic Law § 375 [27] [b]), properly followed and stopped defendant, and asked him for his driver's license and registration for the truck (see, People v Ellis, 62 NY2d 393, 396; People v Larkins, 116 AD2d 194, 196, lv denied 67 NY2d 1054). When the vehicle was stopped, the officer noticed fireworks lying on the front seat. Defendant acknowledged to the Trooper that he knowingly and illegally possessed the fireworks. That statement negated any inference that defendant possessed a permit for such fireworks. Thus, the officer had reasonable cause to

believe that defendant was guilty of unlawfully possessing fireworks (Penal Law § 270.00 [2] [b] [i]) and was entitled to effectuate a warrantless arrest *(see,* CPL 140.10 [1] [a]; [2] [a]; *see generally, People v Blasich,* 73 NY2d 673, 679-680; *People v Lumpkins,* 157 AD2d 804, *lv denied* 75 NY2d 967).

A justifiable search of defendant's person incident to that arrest *(see, People v Bennett,* 70 NY2d 891) disclosed additional fireworks. The officer then possessed sufficient probable cause to search the passenger compartment of defendant's vehicle as well as the closed containers therein *(see, People v Blasich, supra,* at 677-678; *People v Belton,* 55 NY2d 49, 53-55). While conducting his search for fireworks, the Trooper discovered what reasonably appeared to be a controlled substance, which he was entitled to seize under the "plain view" doctrine *(see, Coolidge v New Hampshire,* 403 US 443, 465-471; *People v Basilicato,* 64 NY2d 103, 115; *People v Spinelli,* 35 NY2d 77, 80-81). Therefore, the court properly denied the motion to suppress. (Appeal from Judgment of Oneida County Court, Buckley, J.—Attempted Criminal Possession Controlled Substance, 4th Degree.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.