■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN FABIAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Putnam County (Braatz, J.), rendered March 13, 1991, convicting him of criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Putnam County, for further proceedings pursuant to CPL 460.50 (5).

The defendant contends that he was unlawfully stopped and arrested and that the cocaine uncovered by the police searches as well as the oral and written statements he made to the police should have been suppressed as "fruits of the poisonous tree". We disagree.

It is well established that "[t]he determination of the sup-

pression court, with its advantages of having seen and heard the witnesses, must be accorded great weight, and its determination should not be disturbed if it is supported by the record" *(People v Tromp,* 160 AD2d 750; *see also, People v Prochilo,* 41 NY2d 759; *People v Garafolo,* 44 AD2d 86). Here, it does not appear from the record that the testimony of the People's witnesses "was tailored to meet constitutional objections" *(cf., People v Miret-Gonzalez,* 159 AD2d 647, 649), nor that the court's findings of fact "are manifestly erroneous or so plainly unjustified by the evidence that the interests of justice necessitate their nullification" *(People v Garafolo, supra,* at 88).

The credible evidence shows that during the course of an ongoing investigation into the defendant's drug trafficking activities, two undercover officers placed the defendant under surveillance as the result of an anonymous telephone tip that the defendant would be leaving his house in the morning with cocaine packaged for sale. When the defendant left his house and drove off, the two officers, who were in plainclothes, followed in their unmarked vehicle. The officers observed the defendant make a left turn, without signaling, into a supermarket parking lot where the defendant stopped his car. The two officers, who had not used the siren or flashing lights on their car, stopped about 10 or 15 feet away from the defendant's vehicle.

It should be noted that under the circumstances of this case, where the defendant had voluntarily stopped his car and parked it before the police approached, we are not concerned with the issue of whether the police made a proper traffic stop. Since the defendant had already stopped his car without any compulsion by the police, the officers needed only an articulable reason to make a reasonable inquiry *(see, People v Harrison,* 57 NY2d 470; *People v Williams,* 167 AD2d 236; *People v Liverpool,* 160 AD2d 894; *People v Blajeski,* 125 AD2d 582). In this case, the officers' knowledge of the defendant's illegal drug activities gained as a result of the undercover investigation, combined with the anonymous tip, provided them with a sufficient predicate to approach the defendant to make inquiry *(see, People v Olsen,* 93 AD2d 824). The defendant's subsequent spontaneous declarations that he did not have his driver's license, and the officers' observation of a clear plastic bag containing folded magazine paper which they recognized as a method of packaging cocaine, as well as the defendant's voluntary admission that the bag contained cocaine, gave the officers probable cause to arrest him. Since the police conduct was entirely proper, the physical evidence and

the defendant's oral and written statements were not "fruits of the poisonous tree", and suppression was properly denied.

Finally, we find that the sentence imposed, which was within the statutory guidelines, was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Lawrence, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.