■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO SOLANO, Appellant.

On May 14, 1989, at approximately 7:00 A.M., while on routine motor patrol near the intersection of Woodruff Avenue and East 21st Street in Brooklyn, two police officers observed the defendant and a female companion sitting in a car parked in front of a fire hydrant. After watching the defendant's movements within the vehicle for about a minute, they noticed that the car had orange-colored New York license plates, which were no longer in use by that time. A decision was then made to issue a summons for the expired plates. The officers pulled up to the front of the parked car, the headlights of each vehicle facing one another. They exited their patrol car, one officer moving to the driver's side where defendant sat, the other to the passenger's side.

The officer on the driver's side, who acknowledged at the hearing that at that moment the defendant was not free to go, asked the defendant what he was doing there and whether he knew his plates had expired. The defendant did not respond to these inquiries but instead began to exit the vehicle without being asked to do so, with the woman following him out on the driver's side. The officer on the passenger's side then came around to the driver's side, partially withdrawing his service revolver from its holster. The defendant then threw a bag to the ground and fled. After a brief chase the officers apprehended and arrested him.

Based on the record of the hearing we cannot agree with the defendant that he dropped the narcotics as a sudden spontaneous reaction to an unlawful detention. The hearing court had sufficient reason to conclude that the initial approach was a legitimate action to enforce the Vehicle and Traffic Law, as was the brief detention incident to issuing a summons (see, People v Ingle, 36 NY2d 413). Further, while the defendant was under no duty to speak (People v Howard, 50 NY2d 583, cert denied 449 US 1023), we cannot say that the court erred in crediting the testimony of the officer on the

passenger's side that the silent and unexplained exit of the car's occupants caused him to be concerned for his partner's safety, prompting his change of position and the partial withdrawal of his weapon. Consequently, and in view of the substantial weight to be accorded the hearing court's evaluation of the officers' testimony *(see, People v Prochilo,* 41 NY2d 759; *People v Carter,* 166 AD2d 540), we conclude that the police actions taken in this case were proper and were not a pretext for an illegal stop. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.