■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD DAWKINS, Appellant.—Judgment, Supreme Court, Bronx County (Joseph Mazur, J.), rendered December 12, 1986, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of imprisonment of 6 to 12 years, unanimously affirmed.

The police witnesses, who were credited by the suppression court (see, People v Prochilo, 41 NY2d 759, 761), testified that while on routine patrol, they observed defendant run a red light. After properly stopping defendant (People v Erwin, 42 NY2d 1064; People v Millan, 118 AD2d 236, 245, mod on other grounds 69 NY2d 514), and while waiting for him to produce his license and registration, one of the officers observed a firework in plain view on the front floor of defendant's car, and properly ordered defendant to hand it over (People v Rodriguez, 165 AD2d 705, lv denied 76 NY2d 1024). As defendant exited the car, the officer observed an open brown paper bag on the console on the driver's seat, which defendant took and placed on the floor in front of the driver's seat, and which the officer believed to contain additional fireworks. In response to a proper inquiry by the officer concerning the contents of the bag (People v Robinson, 74 NY2d 773, cert denied 493 US 966; People v Rodriguez, 167 AD2d 122, lv denied 77 NY2d 843), defendant claimed that they contained "boxes". Defendant then tried to get back in the car, but was stopped. The officer looked into the bag, saw two glassine bags he believed to contain a controlled substance, and arrested defendant. A subsequent search of the car revealed heroin on the console and a gun under a seat. At the precinct, defendant volunteered that there were additional fireworks in the trunk.

Under the circumstances of this case, the bag was properly searched (People v Langen, 60 NY2d 170, cert denied 465 US 1028), as falling within the automobile exception to the warrant requirement, rather than as a search incident to arrest (People v Blasich, 73 NY2d 673, 678). Concur—Murphy, P. J., Wallach, Kupferman, Asch and Smith, JJ.