■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND PINCUS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered August 31, 1989, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The evidence adduced at the suppression hearing indicates that there was a sufficient basis for stopping the vehicle which the defendant was driving because (1) the officers reasonably believed that the defendant might be intoxicated, as evidenced by his weaving over the double yellow line, and (2) the defendant violated the Vehicle and Traffic Law by failing to use his signal and rolling through a stop sign. Therefore, there is no basis for concluding, as the defendant argues, that the officers stopped the vehicle for traffic violations as a mere

pretext to investigate unrelated criminal activity *(see, People v Solano*, 179 AD2d 791; *People v Rose*, 159 AD2d 600; *People v Francois*, 155 AD2d 685, 686; *People v Williams*, 137 AD2d 569, 570; *People v Gooden*, 111 AD2d 871, 872).

While asking for the defendant's license and registration, one of the officers observed the defendant attempting to hide a brown bag by pushing it under the seat. This conduct prompted the officer to ask the defendant what he was doing. The officer questioned the defendant three times and each time, instead of answering, the defendant pushed the bag further under the seat. Finally, the officer asked the defendant if he had a gun in the bag, to which the defendant responded, "Yes, I do". Thus, the defendant's own voluntary admission that the bag contained a gun supplied probable cause to believe that the vehicle contained a gun, thereby justifying the warrantless opening of the bag and the seizure of the gun *(see, People v Fabian*, 178 AD2d 544).

The defendant also contends that the police testimony at the suppression hearing had the appearance of having been patently tailored to nullify constitutional objections and therefore, should not have been credited. It is well settled that the determination of the suppression court, with its advantages of having seen and heard the witnesses, and having been made aware of inconsistencies between the witnesses, must be accorded great weight and its determination should not be disturbed here *(see, People v Prochilo*, 41 NY2d 759; *People v Fabian, supra; People v Rose, supra; People v Francois, supra).* Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.