■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER GALES, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered January 30, 1991, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Officer Edward Chorba testified that he stopped the vehicle in which the defendant was a passenger because he recognized its distinctive vanity license plates and knew the operator had been issued a summons for driving with a suspended license approximately one week earlier. Under the circumstances, the officer had reasonable suspicion that the driver was operating the vehicle in violation of the Vehicle and Traffic Law *(cf., People v Ingle,* 36 NY2d 413). There is no basis for concluding, as the defendant argues, that the officers stopped the vehicle for the suspected traffic violation as a mere pretext to investigate unrelated criminal activity *(see, People v Pincus,* 184 AD2d 666; *People v Solano,* 179 AD2d 791; *People v Williams,* 137 AD2d 569). The record also supports the suppression court's finding that one of the police officers observed what appeared to be the handle of a gun protruding from the rear pocket of the defendant's pants after he had exited the car. This justified the pat-down of the defendant and the recovery of the gun and drugs from his person *(see, People v Rose,* 159 AD2d 600). Accordingly, the motion to suppress the physical evidence was properly denied. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.