■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR SUAREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered October 3, 1990, convicting him of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied suppression of the cocaine recovered from the back seat of the stolen car in which he was arrested. The stop of the stolen car was clearly proper, as was the seizure of the gun discovered during a frisk of the defendant incident to his arrest. Having discovered the gun in the course of securing the stolen car, the limited search conducted of the back seat was appropriate pursuant to the automobile exception to the

warrant requirement *(see, People v Blasich,* 73 NY2d 673; *People v Dawkins,* 181 AD2d 407; *People v Miller,* 177 AD2d 989; *People v Campbell,* 176 AD2d 814; *People v Rose,* 159 AD2d 600). In addition, the cocaine discovered in plain view inside an open shopping bag was properly ruled admissible. Moreover, even assuming, as the defendant argues, that the cocaine was not in an open bag but was inside a closed container, the search still would have been proper, as closed containers may be opened during a search rightfully conducted pursuant to the automobile exception *(see, People v Blasich, supra; People v Dawkins, supra; People v Miller, supra; People v Rose, supra).*

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.