■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD J. BISHOP, Appellant. [606 NYS2d 29] —Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered June 17, 1991, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, unlawful possession of marihuana, and violation of Vehicle and Traffic Law § 1163 (a), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and a statement made by the defendant.

Ordered that the judgment is affirmed.

The defendant was stopped by the police for failing to signal when entering a lane of traffic, a violation of Vehicle and

Traffic Law § 1163 (a). After the stop, the police found 81 vials of crack cocaine in the defendant's vehicle and marihuana on the defendant's person.

The defendant contends that the police used the traffic violation as a mere pretext to investigate allegations that the defendant was a drug dealer. He claims that he should not have been stopped, and the fruits of the stop, to wit, the drugs found in his vehicle and his statement to the effect that he did not signal because he was eating, should have been suppressed.

In reviewing suppression issues, great weight must be accorded to the determination of the hearing court, with its particular advantages of having seen and heard the witnesses. Its determination should not be disturbed unless it is clearly unsupported by the record (see, People v Prochilo, 41 NY2d 759; People v Horn, 196 AD2d 886). In the instant case, the record supports the hearing court's conclusion that the police lawfully stopped the defendant because he had committed a traffic violation (see, People v Foster, 173 AD2d 841).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Sullivan, Miller and Pizzuto, JJ., concur.