■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JEFFREY R. CLOSE, Appellant. [616 NYS2d 669] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Berry, J.), rendered August 5, 1992, convicting him of operating a motor vehicle while under the influence of alcohol as a felony, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by him.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied suppression of the evidence obtained as a result of the police stop of his vehicle. The arresting officer's testimony that he observed the defendant violate several provisions of the Vehicle and Traffic Law provided a sufficient basis to justify the stop of the vehicle (see, People v Ellis, 62 NY2d 393; People v Bishop, 199 AD2d 518; People v Pincus, 184 AD2d 666; People v Sullivan, 160 AD2d 824). Moreover, while the defendant contends that the hearing court should have credited his testimony that he committed no traffic violations, resolution of issues of credibility are primarily for the hearing court, which had the advantage of seeing and hearing the witnesses, and its determination should be accorded great weight on appeal, and should not be set aside unless clearly unsupported by the record (see, People v Prochilo, 41 NY2d 759; People v Bishop, supra; People v Overton, 188 AD2d 491; People v Gonzalez, 184 AD2d 525). Here, the arresting officer's testimony that he stopped the defendant's vehicle because he observed the defendant exceed the speed limit and cross a double yellow traffic line was not incredible as a matter of law, and did not have the appearance of having been patently tailored to nullify constitutional objections so as to lead this Court to substitute its judgment for that of the hearing court (see, People v Stanley, 191 AD2d 732; People v Rivera, 186 AD2d 692; People v Foster, 173 AD2d 841). Accordingly, we decline to disturb the hearing court's determination. Rosenblatt, J. P., Miller, Ritter and Hart, JJ., concur.