THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ESPINAL, Appellant. [619 NYS2d 69] —Appeal by the defendant from a judgment of the County Court, Dutchess County (King, J.), rendered November 3, 1989, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and certain statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that a New York State Police Trooper acted illegally in requiring him to exit the vehicle in which he was a passenger. The hearing evidence demonstrates that the trooper, working alone, had lawfully stopped the subject automobile for violations of the Vehicle and Traffic Law *(see, People v Ingle,* 36 NY2d 413; *People v Pincus,* 184 AD2d 666; *People v Foster,* 173 AD2d 841) and was engaged in placing the operator of the vehicle under arrest and conducting a search of his person at the rear of the automobile. Hence, the trooper's direction that the defendant exit the vehicle was a lawful and appropriate safety precaution *(see, People v Robinson,* 74 NY2d 773, *cert denied* 493 US 966; *People v Sprinkler,* 198 AD2d 313; *People v Rodriguez,* 167 AD2d 122; *People v Babarcich,* 166 AD2d 655). Moreover, the defendant's act of discarding a cut plastic straw containing what appeared to be narcotics residue provided ample probable cause for his arrest on a drug possession charge.

Similarly unavailing is the defendant's contention that the warrantless search of his person was unlawful. During a pat-down, the trooper discovered a suspicious bulge in the crotch area of the defendant's pants, and a substantial quantity of narcotics was subsequently seized from the defendant's person

pursuant to a search incident to his lawful arrest *(see, People v Perel,* 34 NY2d 462; *People v Perez,* 135 AD2d 582; *People v Castro,* 130 AD2d 501). The mere fact that the defendant was transported to the State Police barracks prior to the search, and that the search involved the partial removal of his pants, did not render the police conduct constitutionally infirm *(see generally, People v Smith,* 59 NY2d 454, 458; *People v De Santis,* 46 NY2d 82, 88, *cert denied* 443 US 912). Accordingly, the hearing evidence supported the County Court's denial of suppression, and we discern no basis for disturbing that determination *(see, e.g., People v Dent,* 149 AD2d 725). Balletta, J. P., Pizzuto, Altman and Hart, JJ., concur.