■ The People of the State of New York, Respondent, v Daniel Thomas, Appellant. [619 NYS2d 733] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered September 16, 1993, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

During the early morning hours of August 8, 1992, a Town of Newburgh police officer stopped the vehicle in which the defendant was a passenger in order to issue the driver a ticket for having an inadequate muffler (see, Vehicle and Traffic Law § 375 [31]). While the officer who stopped the vehicle was speaking to the driver, a second officer observed the defendant throw a small container out of the front passenger's side window. After retrieving the container which contained cocaine, from a nearby drainage ditch, the second officer placed the defendant under arrest.

On appeal, the defendant contends that the hearing court erred in denying suppression of the cocaine because the stop of his vehicle for an alleged traffic violation was a mere pretext to improperly stop the vehicle for an undisclosed purpose. However, in reviewing suppression issues, great weight must be accorded to the determination of the hearing court, which had the advantage of seeing and hearing the witnesses, and its determination should not be set aside unless clearly unsupported by the record (see, People v Prochilo, 41 NY2d 759; People v Jackson, 200 AD2d 690; People v Bishop, 199 AD2d 518). Contrary to the defendant's claim, the record supports the hearing court's conclusion that the police lawfully stopped the vehicle in order to issue the driver a ticket

for a traffic violation *(see, People v Ellis,* 62 NY2d 393; *People v Bishop, supra; People v Pincus,* 184 AD2d 666). Accordingly, we decline to disturb the hearing court's determination.

We further find that the County Court did not improvidently exercise its discretion in failing to adjourn the suppression hearing or the scheduled trial in order to allow the defendant an opportunity to retain private counsel. The record discloses that the defendant did not complain about the representation he had received from his assigned attorney until the suppression hearing was about to commence nearly one year after his arrest, and that the defendant never in fact requested an adjournment in order to retain private counsel. Moreover, the defendant's generalized complaints that his assigned attorney was ineffective because the attorney advised him not to testify before the Grand Jury, and gave him frank advice about his likelihood of prevailing at trial, did not demonstrate good cause to grant his belated request for the assignment of new counsel *(see, People v Sawyer,* 57 NY2d 12, 18-19, *cert denied* 459 US 1178; *People v Sturgis,* 199 AD2d 549; *People v Carver,* 184 AD2d 777).

Finally, since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that his sentence was excessive *(see, People v Kazepis,* 101 AD2d 816). Thompson, J. P., Lawrence, O'Brien and Krausman, JJ., concur.