■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
PHILIPS LAM, Also Known as JOE LIN, Also Known as LIN HUA
FUNG, Appellant. [641 NYS2d 97] —Appeal by the defendant from
a judgment of the Supreme Court, Queens County (Pitaro, J.),
rendered July 16, 1993, convicting him of robbery in the first
degree (six counts) and robbery in the second degree (six
counts), upon a jury verdict, and imposing sentence. The ap-
peal brings up for review the denial, after a hearing, of that
branch of the defendant's omnibus motion which was to sup-
press physical evidence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that the hearing court
improperly denied suppression of physical evidence because
that evidence was obtained as a result of a pretextual traffic
stop. We disagree. The police officer's testimony that he
observed the defendant commit a violation of the Vehicle and
Traffic Law provided a sufficient basis to stop the defendant's
vehicle (see, Vehicle and Traffic Law § 1163; People v Close, 207
AD2d 905). Further, while the defendant contends that the
hearing court should not have credited the officer's testimony,
resolution of issues of credibility are primarily for the hearing
court, which had the advantage of seeing and hearing the wit-
nesses, and its determination should be accorded weight on ap-
peal, and should not be set aside unless clearly unsupported by
the record (see, People v Prochilo, 41 NY2d 759; People v Bishop,
199 AD2d 518). Here, the officer's testimony that he attempted
to stop the defendant's vehicle after observing the defendant
cut across four lanes of traffic was not incredible as a matter of
law, and did not have the appearance of having been patently
tailored to nullify constitutional objections so as to lead this

Court to substitute its judgment for that of the hearing court *(see, People v Close, supra)*.

Defense counsel's failure to move to reopen the suppression hearing following the police officer's trial testimony does not, under the circumstances of this case, demonstrate that the defendant received ineffective assistance of counsel *(see, People v Baldi,* 54 NY2d 137; *People v McFadden,* 118 AD2d 805).

The defendant's contention that the sentence imposed by the court impermissibly penalized him from exercising his right to go to trial is unsupported by the record. While the challenged sentence is greater than the plea bargain offered to the defendant before trial, it is firmly established that sentences imposed after trial may be more severe than those proposed in connection with a plea bargain *(see, People v Clarke,* 195 AD2d 569). Moreover, the sentence imposed upon the defendant was not excessive *(see, People v Suitte,* 90 AD2d 80). Balletta, J. P., Sullivan, Santucci and Altman, JJ., concur.