■ In the Matter of MARCELLIUS H. R., a Person Alleged to be a Juvenile Delinquent, Appellant. [646 NYS2d 154] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (McLeod, J.), dated April 20, 1995, which, upon a fact-finding order of the same court, dated March 29, 1995, made after a hearing, finding that the appellant had committed (1) acts which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the fourth degree, and (2) acts constituting the crime of unlawful possession of a weapon by a person under 16, adjudged him to be a juvenile delinquent and imposed a one year conditional discharge. The appeal brings up for review the fact-finding order dated March 29, 1995, and the denial, after a hearing, of that branch of the appellant's pre-hearing motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

We reject the appellant's contention that the gun recovered from the vehicle in which he was riding should have been suppressed on the basis that the police stop of the vehicle was a pretext to an improper investigation. Here, the evidence adduced at the hearing established that the officer properly stopped the vehicle upon observing that it had a broken taillight and made a left turn without signaling (see, People v Ellis, 62 NY2d 393; People v Espinal, 209 AD2d 538; see also, People v Robinson, 74 NY2d 773; People v Pincus, 184 AD2d 666). Furthermore, the officer took an "appropriate safety

precaution" by ordering the rear-seat passenger out of the vehicle in light of that passenger's nervous and suspicious behavior *(People v Espinal, supra,* at 538; *see also, People v Mc-Fadden,* 194 AD2d 567; *People v Pincus, supra; People v Shapiro,* 141 AD2d 577).

In addition, the court properly refused to apply the exception to the automobile gun possession presumption contained in Penal Law § 265.15 (3) (a), which is applicable when the weapon is found "upon the person of one of the occupants thereon" *(see, People v Verez,* 83 NY2d 921; *People v Lemmons,* 40 NY2d 505; *People v O'Brien,* 212 AD2d 741; *People v Scott,* 199 AD2d 436), and the appellant failed to rebut that presumption *(see, People v McFadden,* 194 AD2d 567; *People v Delvas,* 181 AD2d 740). Thompson, J. P., Copertino, Krausman and Florio, JJ., concur.