■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBIN SIRA, Appellant. [680 NYS2d 101] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered July 28, 1995, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, attempted robbery in the first degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal impersonation in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Leahy, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The police lawfully stopped the vehicle in which the defendant was a passenger upon observing various traffic infractions (*see, People v Ellis*, 62 NY2d 393; *Matter of Marcellius H.R.*, 229 AD2d 578). There is no basis for concluding that the officers used the traffic infractions as a mere pretext to investigate unrelated criminal activity (*see, People v Gales*, 187 AD2d 606). Under the circumstances, the officer's direction to the defendant to exit the vehicle was a permissible and appropriate precautionary measure (*see, People v Robinson*, 74 NY2d 773, *cert denied* 493 US 966; *Matter of Marcellius H.R., supra*; *People v Rosario*, 94 AD2d 329). The officer was justified in retrieving the law enforcement badge which he observed on the floor of the vehicle as the defendant exited and had probable

cause to arrest the defendant when he then observed a gun. Because the stop and arrest were proper, the subsequent recovery of 62 kilograms of cocaine from the vehicle, pursuant to a search warrant, was lawful. Consequently, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant had knowledge of the weight of the cocaine (*see, People v Gonzales,* 235 AD2d 493; *People v Dillon,* 207 AD2d 793, 797, *affd* 87 NY2d 885).

There is no merit to the defendant's contention that he was denied the effective assistance of counsel. An examination of the criminal proceedings in their entirety reveals that the defendant received meaningful and effective representation (*see, People v Baldi,* 54 NY2d 137, 147).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Rosenblatt, Ritter and Altman, JJ., concur.