■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINIFRED BULLOCK, Appellant. [731 NYS2d 77] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered October 29, 1999, convicting him of criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

To establish the defendant's guilt of criminal possession of stolen property in the fourth degree, the People were obligated to prove beyond a reasonable doubt, *inter alia*, that the defendant knew that the complainant's automobile, which he was driving, was stolen (*see,* Penal Law § 165.45; *People v Cintron,* 95 NY2d 329; *People v Von Werne,* 41 NY2d 584; *People v Steisi,* 257 AD2d 582). Although the ignition lock on the vehicle was intact and a key was in the ignition at the time the defendant was apprehended, when viewed in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), there was legally sufficient evidence to prove his guilt beyond a reasonable doubt (*see, People v Zorcik,* 67 NY2d 670; *People v Galbo,* 218 NY 283). The defendant had exclusive possession of the stolen automobile and offered an implausible explanation that a friend he could not name and whose address he could not identify had given him the vehicle to fill with gas even though he had no money or means to purchase the gas.

The defendant's remaining contentions are without merit. Ritter, J. P., S. Miller, Luciano and Crane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CAROLAN, Appellant. [730 NYS2d 885] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated October 4, 1999 (*People v Carolan,* 265 AD2d 337), affirming a judgment of the Supreme Court, Kings County, rendered September 20, 1996.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.