■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOEL COLLADO, Respondent. [759 NYS2d 147] —Appeal by the People from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated July 2, 2002, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence. Justice Florio has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, that branch

of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The defendant was a passenger in a van which was stopped by the police due to a defective brake light. The driver was arrested when the police found a "ziploc" bag in his possession containing a substance believed to be cocaine, and the front seat passenger was arrested when the police recovered an imitation air pistol from his waistband. After the occupants were removed from the van, the police searched the van and found a weapon on the rear seat, where the defendant had been sitting. The defendant was charged with possession of the weapon. Following a pretrial suppression hearing, the Supreme Court granted that branch of the defendant's omnibus motion which was to suppress the weapon.

The hearing court determined that the actions of the police officers were lawful with respect to the initial stop for a traffic violation (*see People v Robinson,* 97 NY2d 341 [2001]), and that the arrests of the driver and the front seat passenger were proper. The court further determined that it was permissible for the police officers to order the occupants to exit the van (*see People v Robinson,* 74 NY2d 773, 774 [1989], *cert denied* 493 US 966 [1989]). These findings are not contested on appeal. However, the hearing court concluded that the warrantless search of the van, after the occupants had been removed from it, was unlawful, because there was no longer any danger to the police officers' safety.

The search of the van was permissible under the automobile exception to the warrant requirement (*see People v Blasich,* 73 NY2d 673 [1989]). After the police arrested the driver and the front seat passenger, they had probable cause to believe that the van might contain other drugs or weapons (*see People v Blasich, supra; People v Langen,* 60 NY2d 170 [1983], *cert denied* 465 US 1028 [1984]; *People v Belton,* 55 NY2d 49 [1982]; *People v Rives,* 237 AD2d 312 [1997]; *People v Suarez,* 187 AD2d 620 [1992]). Accordingly, that branch of the defendant's motion which was to suppress the weapon should have been denied. Florio, J.P., S. Miller, Friedmann and Cozier, JJ., concur.