THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCELLE MORRIS, Appellant. [829 NYS2d 329]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered March 30, 2005. The judgment convicted defendant, after a nonjury trial, of criminal possession of stolen property in the fourth degree, unauthorized use of a vehicle in the second degree and illegal possession of a vehicle identification number.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a bench trial of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5]), unauthorized use of a vehicle in the second degree (§ 165.06) and illegal possession of a vehicle identification number (§ 170.70 [3]). We reject the contention of defendant that he was denied effective assistance of counsel based upon defense counsel's failure to seek suppression of evidence obtained as the result of the allegedly illegal stop of the vehicle driven by the codefendant in which defendant was a passenger. Defendant failed "to demonstrate the absence of strategic or other legitimate explanations for [defense] counsel's failure to [seek that relief]" (*People v Rivera*, 71 NY2d 705, 709 [1988]). Indeed, the record indicates that the codefendant voluntarily pulled the vehicle over and stopped without any compulsion by the police officer who was following the vehicle. Thus, contrary to the contention of defendant, there was no stop of the vehicle in which he was a passenger and thus no basis to seek suppression of evidence subsequently obtained by the officer based on an allegedly illegal stop (*cf. People v Fabian*, 178 AD2d 544, 545 [1991], *lv denied* 79 NY2d 919 [1992]). Contrary to the further contention of defendant, the evidence is legally sufficient to establish that he "knowingly possessed stolen property . . . , knowingly exercised control of a vehicle without the consent of the owner . . . and knowingly possessed a vehicle with a [vehicle identification number] plate not affixed by the manufacturer" (*People v Von Werne*, 41 NY2d 584, 589 [1977]; *see People v Bullock*, 287 AD2d 465 [2001], *lv denied* 97 NY2d 654 [2001]; *People v Jackson*, 282 AD2d 830, 832-833 [2001], *lv denied* 96 NY2d 902 [2001]). The verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Present—Scudder, P.J., Gorski, Centra, Green and Pine, JJ.