# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**704**

**KA 09-01959**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KEVIN O. COOPER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered July 8, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that his waiver of the right to appeal was not valid because the record does not establish that he understood that right and waived it voluntarily, knowingly, and intelligently. We agree. Although "there is no requirement that [County C]ourt engage in any particular litany in order to satisfy itself that [those] standards have been met, a knowing and voluntary waiver cannot be inferred from a silent record" (*People v Callahan*, 80 NY2d 273, 283). The record establishes that the court instructed defendant to execute a written waiver of the right to appeal and that defendant did as instructed, but there was no colloquy between the court and defendant regarding the waiver (*see id.; cf. People v Ramos*, 7 NY3d 737, 738). Thus, defendant's further contention that the court erred in refusing to suppress the cocaine found on his person and his statements to the police because he was arrested and searched without probable cause is not encompassed by his invalid waiver of the right to appeal.

We conclude, however, that defendant forfeited any right to challenge the court's suppression ruling. Pursuant to CPL 710.70 (2), an "order finally denying a motion to suppress evidence may be reviewed upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of

guilty." Here, the court issued a bench decision with respect to those parts of defendant's omnibus motion seeking to suppress the cocaine and his statements, but defendant pleaded guilty before the court issued an order, and thus CPL 710.70 (2) is not applicable (*see People v Ellis*, 73 AD3d 1433, *lv denied* 15 NY3d 851; *People v Releford*, 73 AD3d 1437, 1438, *lv denied* 15 NY3d 808).

In any event, we conclude that defendant's contention that he was arrested and searched without probable cause is without merit. The evidence at the suppression hearing established that the stop of defendant's vehicle was lawful inasmuch as the police officers observed defendant violating two provisions of the Vehicle and Traffic Law (*see People v Mundo*, 99 NY2d 55, 58). During that stop, an officer observed in plain view a "dime baggie" with "white residue." The officer testified at the suppression hearing that, based on his experience, he recognized the baggie as a type commonly used to package drugs for sale and the residue as crack cocaine residue. That evidence, together with the officers' additional plain view observation that defendant had a grocery bag "stuffed with money," gave the officers probable cause to arrest defendant (*see People v Schell*, 261 AD2d 422, *lv denied* 94 NY2d 829; *People v Lumpkins*, 157 AD2d 804, *lv denied* 75 NY2d 967). Because defendant was lawfully arrested based on probable cause, the subsequent search of his person was permissible as a search incident to arrest (*see generally People v Ralston*, 303 AD2d 1014, *lv denied* 100 NY2d 565; *People v Taylor*, 294 AD2d 825, 826).

Entered:  June 10, 2011                          Patricia L. Morgan
                                                 Clerk of the Court