# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**172**

**KA 10-01470**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

EVERETT J. OHSE, DEFENDANT-APPELLANT.

---

JEANNIE D. MICHALSKI, CONFLICT DEFENDER, GENESEO, FOR
DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF
COUNSEL OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------

Appeal from a judgment of the Livingston County Court (Robert B.
Wiggins, J.), rendered June 29, 2010. The judgment convicted
defendant, upon a jury verdict, of criminal possession of stolen
property in the fourth degree and petit larceny.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a
jury trial of, inter alia, criminal possession of stolen property in
the fourth degree (Penal Law § 165.45 [5]), defendant contends that
the evidence is legally insufficient to support the conviction of that
crime because the People failed to establish that the value of the
stolen motor vehicle he allegedly possessed exceeded $100, an
essential element of the crime. We reject defendant's contention.
The expert witness called by the People at trial, a mechanic and used
car salesman, testified that the minimum value for an operable 2003
Honda Civic, such as the one possessed and admittedly driven by
defendant, was $1,500, and that the scrap value was between $250 and
$300. Although the People's expert did not examine the vehicle in
question, we conclude that his testimony nevertheless provided the
jury with a " 'reasonable basis for inferring, rather than
speculating, that the value of the property exceeded the statutory
threshold' " (*People v Szyzskowski*, 89 AD3d 1501, 1502).

Defendant failed to preserve for our review his further
contention that the evidence is legally insufficient to establish that
he knew the vehicle was stolen (*see People v Gray*, 86 NY2d 10, 19),
and in any event that contention lacks merit. The vehicle's owner,
who lives in Ohio, testified that he did not give defendant permission
to possess the vehicle. Moreover, when arrested in New York for
stealing gas that he put into the vehicle, defendant initially told

the police that he did not know who owned the vehicle and then, upon further questioning, stated that he thought the owner's first name was Steve but he did not know that person's last name or telephone number. That evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish that defendant knowingly possessed stolen property (*see People v Cintron*, 95 NY2d 329, 332; *People v Morris*, 37 AD3d 1088, 1089, *lv denied* 8 NY3d 988).

Viewing the evidence in light of the elements of the crime of criminal possession of stolen property in the fourth degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict with respect to that crime is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Even assuming, arguendo, that a different verdict on that count would not have been unreasonable, we cannot conclude that the jurors failed to give the evidence the weight it should be accorded (*see People v Kalen*, 68 AD3d 1666, 1667, *lv denied* 14 NY3d 842; *see generally Bleakley*, 69 NY2d at 495).

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered: February 14, 2014                    Frances E. Cafarell
                                              Clerk of the Court