People v Herbert (2025 NY Slip Op 02242)

People v Herbert

2025 NY Slip Op 02242

Decided on April 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 17, 2025

113163
[*1]The People of the State of New York, Respondent,
v
Jeremiah Herbert, Appellant.

Calendar Date: February 13, 2025

Before:Egan Jr., J.P., Clark, Lynch, Powers and Mackey, JJ.

Jane M. Bloom, Monticello, for appellant.
Brian P. Conaty, District Attorney, Monticello (Danielle K. Blackaby of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Sullivan County (E. Danielle Jose-Decker, J.), rendered September 24, 2021, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.
Defendant was charged by indictment with drug-related offenses after police found marihuana and crack cocaine in his clothing during a search performed on March 5, 2019 in conjunction with the stop of a vehicle in which he was a passenger. Following a hearing, County Court (LaBuda, J.) denied defendant's pretrial motion to suppress the evidence found during the search and certain inculpatory statements he made at the police barracks. Defendant pleaded guilty to one count of criminal possession of a controlled substance in the fourth degree in satisfaction of the indictment and purported to waive his right to appeal. He was sentenced to a four-year determinate sentence, to be served as a parole supervision sentence, conditioned upon his successful completion of the Willard drug treatment program and a separate residential treatment program (see Penal Law § 70.70 [3] [d]; CPL 410.91 [2]).[FN1] Defendant was warned that the failure to comply with any provisions of the programs could constitute a parole violation requiring him to serve the maximum term of his sentence in prison, followed by 1½ years of postrelease supervision. Defendant appeals, challenging the suppression ruling.[FN2]
As a threshold matter, the People concede, and we agree, that defendant's appeal waiver is invalid, as it contained overbroad language that was not remedied by County Court during the plea colloquy to ensure that defendant understood that some appellate review survived (see People v Gilmore, 230 AD3d 864, 537 [3d Dept 2024], lv denied 42 NY3d 1079 [2025]; People v Bermudez, 217 AD3d 1261, 1262 [3d Dept 2023], lv denied 40 NY3d 996 [2023]). Accordingly, defendant may challenge the suppression ruling. Nevertheless, we find no basis to disturb that ruling.
Upon observing the vehicle in which defendant was a passenger make an illegal right turn in violation of the Vehicle and Traffic Law, police were authorized to initiate a traffic stop (see People v Hinshaw, 35 NY3d 427, 433-434 [2020]; People v Robinson, 97 NY2d 341, 349-350 [2001]). Notably, defendant did not dispute the fact that the driver actually made an illegal turn. At the time of the stop, "the odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, [wa]s sufficient to constitute probable cause to search [the] vehicle and its occupants" (People v Dolan, 165 AD3d 1499, 1500 [3d Dept 2018] [internal quotation marks and citations omitted]; accord People v Sostre, 172 AD3d 1623, 1624 [3d Dept 2019], lv denied 34 NY3d 938 [2019]).[FN3] Both officers who initiated the stop — at least one of whom had specialized training in narcotics identification and had routinely had the occasion to identify the odor of marihuana [*2]during the performance of his law enforcement duties — testified that they smelled marihuana emanating from the vehicle upon approaching it. County Court credited the officers' testimony in that regard and its credibility findings are entitled to deference on appeal (see People v Smith, 185 AD3d 1203, 1207 [3d Dept 2020]; People v Rudolph, 170 AD3d 1258, 1259 [3d Dept 2019], lv denied 34 NY3d 937 [2019]). Defendant's argument that the officers' testimony was incredible as a matter of law is not supported by the record. To the contrary, the officers' testimony was supported by statements made by the passengers of the vehicle shortly before the traffic stop indicating an attempt to cover up an odor — statements which were captured in footage from a civilian body camera worn by the driver of the vehicle and turned over to the People during discovery. Accordingly, upon smelling marihuana emanating from the vehicle, the police were authorized to order the occupants out and conduct a search. Upon finding a scale with white residue in defendant's clothing during the search, as well as locating marihuana and crack cocaine in his sock, police then had probable cause to place him under arrest and to search him incident to arrest at the police barracks (see People v Espinal, 209 AD2d 538, 538 [2d Dept 1994]). Given the lawfulness of the police conduct, defendant's additional argument that his inculpatory statements at the police barracks should have been suppressed as fruit of the poisonous tree is without merit.
Egan Jr., J.P., Clark, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: No issue has been raised on this appeal as to whether defendant was eligible for a parole supervision sentence.
Footnote 2: At sentencing, defendant separately pleaded guilty to one count of criminal possession of a controlled substance in the seventh degree to satisfy a different indictment, for which he was sentenced to time served. Defendant's notice of appeal does not pertain to that plea.
Footnote 3: As of 2021, the odor of cannabis is — with certain exceptions — no longer a basis "for a 'finding or determination of reasonable cause to believe a crime has been committed' " (People v Pastrana, 41 NY3d 23, 29 [2023], cert denied ___ US ___, 144 S Ct 1066 [2024], quoting Penal Law § 222.05 [3]). However, the statute codifying this rule does not apply retroactively to "invalidate searches that were conducted before [its] effective date" (People v Pastrana, 41 NY3d at 29 [emphasis omitted]). The suppression hearing was also held before the change in the law (see id. at 30 n).